IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 06-cr-00270-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TIMOTHY G. CASSIUS,

    Defendant.

# ORDER
## FOR COMPETENCY AND MENTAL EXAMINATION

**Blackburn, J.**

This matter is before me on the **Amended Motion To Continue Sentencing** [#327] filed January 22, 2008, by counsel for the defendant. The government filed a response. *See* [#327] filed on January 24, 2008. In the main, the motion and response implicate 18 U.S.C. §§ 4241 and 4244.

I may and should order a competency hearing ". . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Under 18 U.S.C. § 4244, I may and should hold a hearing on the present mental condition of the defendant 1) if the defendant's or the government's ". . . motion is

supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility," *see* § 4244(a); or 2) if I am ". . . of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, *see id.*

Based on the averments stated in the motion, such reasonable cause exists under 18 U.S.C. §§ 4241(a) and 4244. Accordingly, I should hold a consolidated competency and mental condition hearing, which should be preceded by a psychiatric or psychological examination.

**THEREFORE, IT IS ORDERED** as follows:

1. That pursuant to 18 U.S.C. §§ 4241(a) and 4244, a hearing to determine the competency and mental condition of the defendant shall be conducted on February 22, 2008, at 8:15 a.m.;

2. That pursuant to 18 U.S.C. §§ 4241(c) and 4244 (c), the hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d);

3. That prior to the hearing and pursuant to the provisions of 18 U.S.C. §§ 4244(b) and 4247(b), a psychiatric or psychological examination shall be conducted by a licensed or certified psychiatrist or psychologist to be designated and provided by the Bureau of Prisons; provided, furthermore, that the Bureau of Prisons shall be responsible for arranging, scheduling, and coordinating the examination required by this order;

4. That the defendant, who is in the custody of the Attorney General, shall be placed forthwith at the Federal Correctional Institution,[1] 9595 W. Quincy Avenue, Englewood, Colorado 80123, or at some other suitable facility, for a period not to exceed thirty (30) days to facilitate the psychiatric or psychological examination and to implement the orders of this court;

5. That the licensed or certified psychiatrist or psychologist conducting the psychiatric or psychological examination shall be granted reasonable access to the defendant to facilitate the psychiatric or psychological examination and to implement the orders of this court;

6. That if requested by the examiner, the probation department is authorized and directed to provide a copy of the presentence report to the examiner;

7. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric or psychological examination of the defendant, a psychiatric or psychological report shall be prepared by the licensed or certified psychiatrist or psychologist and shall be filed with the court, with copies to counsel for the government and the defendant;

8. That pursuant to the provisions of 18 U.S.C. §§ 4244(b) and 4247(c)(1)-(4),[2] the psychiatric or psychological report shall include the following:

---

[1] Under **Fed.R.Evid. 201**, I take judicial notice 1) that the Federal Correctional Institution is a "suitable facility" as defined by 18 U.S.C. § 4247(a)(2) and as required by 18 U.S.C. § 4247(b); and 2) that the Federal Correctional Institution is the "suitable facility" closest to the court as required by 18 U.S.C. § 4247(b).

[2] Because 18 U.S.C. § 4241 is apposite, then the examiner must opine as to competency as required by 18 U.S.C. § 4247(c)(4)(A).

a. The defendant's history and present symptoms;

b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

c. The examiner's findings;

d. The examiner's opinions as to the diagnosis and prognosis;

e. The examiner's opinion about whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

f. If the report includes an opinion by the examiner that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need;[3] and

9. That copies of this order shall be provided to and served on counsel for the parties, the warden of the Federal Correctional Institution, 9595 W. Quincy Avenue, Englewood, Colorado 80123, and the United States Marshal for the District of Colorado.

Dated January 25, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] This discrete opinion is required under 18 U.S.C. § 4244(b).