**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                August 16, 2013

Courtroom Deputy:   Kathleen Finney
Court Reporter:     Tracy Weir
Probation Officer:  Elizabeth Oppenheimer

**Criminal Action No.  06-cr-00270-REB**

*Parties:*                                          *Counsel:*

UNITED STATES OF AMERICA,                           Mark Barrett
                                                    Kasandra Carleton
        Plaintiff,

v.

1.  TIMOTHY G. CASSIUS,                             Michael Root

        Defendant.

**SENTENCING MINUTES**

**1:37 p.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

   **IT IS ORDERED** as follows:

   •   That the defendant's **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#443] filed December 26, 2010 is **GRANTED**; that the **Order Denying in Part Defendant's Motion under**

**28 U.S.C. § 2255, Deferring Ruling in Part, and Setting Scheduling Hearing** [#453] entered November 2, 2011 is **MODIFIED** to the limited extent necessary to facilitate and implement this additional order but is otherwise ratified and reaffirmed; that the defendant's **Motion for the Return of Property Seized from Defendant's Denver County Jail Cell** [#504] filed October 15, 2012 is **DENIED** for lack of jurisdiction.

Statement by Mr. Root.

*Exhibit identified and admitted: Defendant's Sentencing Exhibit 1.*

Defendant is sworn.

Statement by the defendant.

*Exhibit identified and admitted: Defendant's Sentencing Exhibits 2 - 5.*

Statement by counsel for the government.

**2:43 p.m.    Court in recess.**

**3:19 p.m.    Court in session.**

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

    **IT IS FURTHER ORDERED** as follows:

1. That the defendant's request or motion, if any, for a downward departure is denied;

2. That the defendant's motion for a downward variance is **GRANTED** but insofar as consistent with the foregoing findings and conclusions and the following orders;

3. That judgment of acquittal is entered on Count 5 of the Second Superseding Indictment;

4. That judgment of conviction is entered on Counts 1, 2, 3, 4, 6, and 7 of the Second Superseding Indictment;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned as follows:

- A term of 204 months on each of Counts 1, 3, and 6 to be served concurrently; a term of 120 months on Count 4 to be served concurrently with the sentences imposed on Counts 1, 3, and 6; a term of 60 months on Count 7 to be served concurrently with the sentences imposed on counts 1, 3, 4, and 6; and a term of 60 months on Count 2 to be served consecutively to all other sentences imposed for a total sentence of 264 months;

6. That on release from imprisonment, the defendant shall be placed on supervised release for the following concurrent terms:

    - A term of six years on Count 1; a term of five years on each of counts 2 and 6; a term of 12 years on Count 3; and a term three years on counts 4 and 7 for a total concurrent term of 12 years;

7. That within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

8. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

9. That no fine is imposed;

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of **$600**;

11. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are imposed;

12. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

13. That the defendant is remanded to the custody of the United States Marshal.

Parties state they have no objections to the sentence imposed.

The defendant is advised of the right to appeal the sentences imposed by the court.

**4:05 p.m.    Court in recess.**

Total time in court:  01:52

Hearing concluded.